IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA L. DAVISON,<br><br>　　　　Plaintiff,<br>　　v.<br><br>THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al.,<br><br>　　　　Defendants | No. C-05-0132 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION RE STANDARD OF REVIEW; VACATING HEARING** |

　　　　Before the Court is plaintiff Barbara L. Davison's Motion Re Standard of Review, by which plaintiff seeks an order to the effect that defendants' decision denying her claim for disability benefits is subject to de novo review. Defendants Hartford Life and Accident Insurance Company and PwC Health and Welfare Benefits Plan have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for September 9, 2005, and rules as follows.

　　　　"Depending upon the language of an ERISA plan, a district court reviews a plan administrator's decision to deny benefits either de novo or for abuse of discretion." Ingram v. Martin Marietta Long Term Disability Income Plan, 244 F. 3d 1109, 1112 (9th Cir. 2001). "The de novo standard is appropriate unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms


of the plan." Id. (internal quotation and citation omitted).

Here, the plan includes language that unambiguously provides defendants with discretion to determine eligibility for benefits and to construe the terms of the plan: "We have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the [policy]." (See Boys Decl., filed August 19, 2005, Ex. A at POL020.) Plaintiff argues, however, that irrespective of the plan language, she is entitled to de novo review, on the ground that discretionary clauses are illegal under state law, or, alternatively, that defendants acted under an actual conflict of interest.

**A. Enforceability of Discretionary Clauses**

In February 2004, the California Department of Insurance ("DOI") issued a notice in which it expressed the opinion that discretionary clauses are "objectionable" under California law and stated that the DOI would, subject to the outcome of an administrative hearing, revoke approval of certain policies that included discretionary clauses. (See Grey Decl., filed August 5, 2005, Appendix 1 attached to Ex. 3.) In March 2005, following an administrative hearing, the DOI revoked its approval of the policies at issue therein. (See id. Ex. 4.) Although the DOI's order does not reference the specific policy at issue here, plaintiff asserts the DOI's order establishes that discretionary clauses are illegal under California law and that, as a consequence, plaintiff is entitled to de novo review. The Court disagrees.

Initially, the Court notes that the Supreme Court has held that a "benefit plan [may] give[ ] the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Further, the DOI has explained that its notice "does not effect policies already sold," (see Defs.' Req. for Judicial Notice, filed August 19, 2005, Ex. 2 at 3); thus, the DOI's notice is inapplicable to the instant policy, which was issued in 1999, (see Boys Decl. Ex. A at POL004). Further, defendant should be entitled to rely on any prior approval of the policy by the DOI, as such approval necessitated a finding by the DOI that said policy did not contain provisions that are "unintelligible, uncertain, ambiguous, or

abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued." See Cal. Ins. Code § 10291.5(b)(1).

Accordingly, the Court finds the DOI's order has no bearing on the standard of review applicable to the decision at issue herein.

**B. Conflict of Interest**

Where a claimant offers "material, probative evidence, beyond the mere fact of [an] apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary," a presumption arises that the administrator breached its fiduciary obligations to the beneficiary.  See Hensley v. Northwest Permanente P.C. Retirement Plan & Trust, 258 F. 3d 986, 995 (9th Cir. 2001).[1] "[M]aterial, probative evidence may consist of inconsistencies in the plan administrator's reasons, insufficiency of those reasons, or procedural irregularities in the processing of the beneficiaries claims."  Nord v. Black & Decker Disability Plan, 356 F. 3d 1008, 1010 (9th Cir.) (internal quotation and citation omitted), cert. denied, 125 S. Ct. 62 (2004).

Here, plaintiff has not identified an inconsistency in defendants' reasoning or a procedural irregularity in the processing of the claim.  Rather, plaintiff argues, defendants erred in their understanding of the medical evidence in the record and in the manner in which they interpreted the "pre-existing condition" clause in the plan and/or summary plan description.  Although not clearly expressed, plaintiffs appear to assert such conduct implicates Nord's reference to an "insufficiency of [the plan administrator's] reasons."

That reference, however, must be read in context.  In an earlier opinion in the same case, the Ninth Circuit, in support of its reference to "insufficiency," cited Tremain v. Bell Indus., Inc., 196 F. 3d 970 (9th Cir. 1999).  See Nord v. Black & Decker Disability Plan, 296 F. 3d 823, 829 (9th Cir. 2002), rev'd on other grounds, Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003).  In Tremain, the Ninth Circuit found the explanation for the

---

[1] Because defendants not only administer but also fund the plan, (see Boys Decl. Ex. B at AR243), defendants have an "apparent" conflict of interest, see Tremain v. Bell Industries, Inc., 196 F. 3d 970, 976 (9th Cir. 1999).

3

1  denial of benefits to be "troubling." See Tremain, 196 F. 3d at 977.  In particular, the plan
2  administrator had relied on a definition of "disability" not contained in the plaintiff's plan,
3  and, contrary to the record, claimed it had done so inadvertently.  See id.  Additionally, the
4  plan administrator found the plaintiff's "earning capacity had not decreased by fifty percent,"
5  a prerequisite under the plaintiff's plan, see id. at 974 n.3, but, as the Ninth Circuit
6  observed, the plan administrator had failed to state any basis for such finding and evidence
7  existed showing plaintiff's earning capacity had, in fact, decreased by "at least" that
8  amount, see id.  In short, the administrator in Tremain failed to set forth any evidentiary
9  basis for its finding, which failure was particularly noteworthy in light of the plaintiff's having
10 offered evidence to the contrary.
11     Here, by contrast, defendants identified the evidence, in both the initial denial letter,
12 (see Boys Decl. Ex. B at AR243-AR247), and in the letter affirming the denial, (see id. at
13 AR030-AR033), that defendants believed supported their finding that plaintiff had a pre-
14 existing condition and, further, in the letter affirming the denial, stated why the additional
15 evidence submitted on appeal by plaintiff was not, in defendants' view, sufficient to support
16 her claim for benefits, (see id.).  Consequently, the instant case does not involve, as was
17 the case in Tremain, an administrator who made a decision without identifying any support
18 therefor and without explaining why it rejected evidence submitted by the claimant.
19     With respect to defendants' interpretation of the pre-existing condition provision, the
20 Court finds that defendants' interpretation of the provision, although contrary to the
21 interpretation advocated by plaintiff, does not constitute material evidence of a conflict of
22 interest.  As defendants point out, courts have differed in the manner in which they have
23 interpreted "pre-existing condition" provisions.  See, e.g., Sanders v. CNA Group Life
24 Assurance Co., 322 F. Supp. 2d 1142, 1149-50 (D. Or. 2004) (holding, where claimant
25 asserted disability as result of ALS, administrator erred in relying on pre-existing condition
26 provision, where "neither [claimant] nor his treating physician was aware that [claimant]
27 suffered from [ALS]" before effective date of policy); Futamura v. UNUM Life Ins. Co., 305
28 F. Supp. 2d 1181, 1184, 1190-91 (W.D. Wash. 2004) (holding, where claimant asserted

disability as result of lung cancer, administrator did not err in relying on pre-existing condition provision, where claimant sought treatment for "chronic cough" before effective date of policy and such symptom "related to" later lung cancer diagnosis).

In sum, although plaintiff disagrees with defendants' reasoning, plaintiff has failed to show that defendants' reasoning was so deficient as to constitute material evidence of an actual conflict of interest. Accordingly, plaintiff has failed to show she is entitled to de novo review of defendants' decision.

## CONCLUSION

For the reasons stated above, plaintiff's motion is hereby DENIED, and the Court will review defendants' denial of plaintiff's claim for abuse of discretion.

**IT IS SO ORDERED.**

Dated: September 7, 2005

MAXINE M. CHESNEY
United States District Judge